IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:07-CR-92 |
| | § | |
| JOHNNY LEE HICKMAN | § | |

**REPORT AND RECOMMENDATION RE:**
**DEFENDANT'S COMPETENCY TO STAND TRIAL**

This case is assigned to The Honorable Marcia A. Crone, U.S. District Judge. Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, defendant's motion for a competency hearing and for further psychiatric treatment is referred to the undersigned United States magistrate judge for hearing, consideration, and a recommended disposition.

### BACKGROUND

Defendant is charged by indictment with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (Count One) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 942(c)(1) (Count Two).

On September 19, 2007, defendant pleaded guilty to Count 2 of the Indictment pursuant to a plea bargain agreement. Before sentencing, defendant moved to withdraw his guilty plea, arguing that he is innocent, and further arguing that his guilty plea was not knowing and voluntary because he was "confused and rushed" when he entered his guilty plea. Judge Crone conducted a hearing on the motion, and took the matter under advisement.

While the motion to withdraw defendant's guilty plea remained pending, defendant moved for a psychological or psychiatric examination. Judge Crone granted defendant's motion, and ordered a mental health evaluation to determine whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Docket No. 39).

Pursuant to that order, defendant received an evaluation by Dr. Randall Rattan, Ph.D., Forensic Psychologist at the Federal Correctional Institution in Fort Worth, Texas.

### REPORT OF PSYCHIATRIC EXAMINATION

On March 5, 2008, Dr. Rattan submitted a psychiatric report wherein Dr. Rattan concludes that defendant likely suffers from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.  Further, Dr. Rattan recommends that defendant be further evaluated and treated.

With respect to further evaluation and treatment, Dr. Rattan gives two reasons in support of his recommendation.  First, he reports that his diagnosis was hindered by lack of defendant's previous history of psychiatric diagnosis and treatment for a potential psychiatric disorder, lack of previously prescribed psychotropic medications, ambiguous test results, and potentially exaggerated symptoms.  Second, he cites 18 U.S.C. § 4241(d) which requires that criminal defendants who are determined to be mentally incompetent be committed to the custody of the Attorney General for treatment in a suitable facility for a reasonable period of time, not exceeding four months, to determine whether there is a substantial probability in the foreseeable future that the person will become competent to stand trial.

## COMPETENCY HEARING

A competency hearing was conducted on April 3, 2008. At the hearing, defendant appeared with counsel, Gary R. Bonneaux, Esq. The court admitted into evidence the psychiatric report detailing the results of defendant's medical examination and Dr. Rattan's findings. Counsel for the United States, counsel for defendant, and the defendant himself voiced no objections to the conclusions in the report. Further, all parties concurred with Dr. Rattan's recommendation that defendant be committed to the custody of the Attorney General for treatment in a suitable facility to determine whether there is a substantial probability in the foreseeable future that the defendant can be restored to competency.

## FINDING AND CONCLUSION

Based on the uncontested evidence recited above, the undersigned concludes that defendant is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. 18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960).

## RECOMMENDATIONS

1. The court should find that defendant is unable to understand the nature and consequences of the criminal proceedings against him and to assist properly in his defense, and therefore, is not competent to stand trial.

2. The court should order defendant committed to the custody of the Attorney General for treatment in a suitable facility, other than in Atlanta, Georgia, for a reasonable period of time, not exceeding four months, to determine whether there is a substantial probability in the foreseeable future that defendant will become competent to stand trial.

## OBJECTIONS

Title 28 U.S.C. § 636 normally gives parties ten (10) days to object to recommendations submitted by magistrate judges. However, as the parties have agreed that defendant is incompetent and have no objections, and this report recommends that defendant be found incompetent, the court may act on the report and recommendation immediately.

SIGNED this  3   day of April, 2008.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge